GREENBERG TRAURIG, LLP
Gregory A. Nylen (SBN 151129)
18565 Jamboree Road, Suite 500
Irvine, CA  92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501                                             JS-6
Email: nyleng@gtlaw.com

Attorneys for Plaintiff
TOUCH, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOUCH, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>ALL DONE MANAGEMENT GROUP, INC.,<br><br>             Defendants. | Case No.: 2:22-cv-05855-JFW-KSx<br>Judge:    John F. Walter<br><br>**ORDER RE STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Action Filed:   August 8, 2022 |

**IT IS SO ORDERED:**

1. Touch's Complaint against ADMG in the above-captioned action shall be dismissed on all counts without prejudice.

2. Plaintiff Touch is a Nevada limited liability company with its principal place of business at 8395 West Sunset Road, Suite 200, Las Vegas, Nevada 89113.

3. Defendant ADMG is a corporation organized under the laws of the State of California with a principal place of business at 6420 Wilmington Avenue, Los Angeles, California 90001.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case over which this Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c). In particular, ADMG is a citizen of the State of California, and a substantial part of the events giving rise to the claims in this case occurred in this District.

7. ADMG by this STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION acknowledges the validity of and Touch's exclusive ownership of the OMNIA® brand and trademarks (registered and common law), including the following federal registrations and applications:

   a. OMNIA NIGHTCLUB for "[n]ight clubs; day clubs; night club services in the nature of reservation and booking services for the purpose of arranging for admission to night clubs and night club events, and arranging and coordinating nightclub parties and entertainment events; day club services in the nature of reservation and booking services for the purpose of arranging for admission to day clubs and day club events, and arranging and coordinating day club parties and entertainment

events; dance club services; entertainment services in the nature of providing live musical, dance, and theatrical performances; consultation in the field of special event planning for social entertainment services" (U.S. Reg. No. 5,191,618);

  b. OMNIA NIGHTCLUB design mark for "[n]ight clubs; day clubs; night club services in the nature of reservation and booking services for the purpose of arranging for admission to night clubs and night club events, and arranging and coordinating nightclub parties and entertainment events; day club services in the nature of reservation and booking services for the purpose of arranging for admission to day clubs and day club events, and arranging and coordinating day club parties and entertainment events; dance club services; entertainment services in the nature of providing live musical, dance, and theatrical performances; consultation in the field of special event planning for social entertainment services" (U.S. Reg. No. 5,191,665) (see design mark below);



  c. OMNIA DAY CLUB for "[a]dult only day time and night time entertainment, namely, live entertainment in the nature of live dance and musical performances, dance club services; consultation in the field of special event planning for social entertainment services" (U.S. Reg. No. 5,475,769).

(collectively the "OMNIA Marks").

  8. Defendant ADMG owns and operates a cannabis dispensary in Huntington Park, California, under the name and mark OMNIA INDUSTRY. In connection with its cannabis dispensary, ADMG uses the marks:

  a. OMNIA INDUSTRY

  b. [OMNIA INDUSTRY logo]

  c. [OMNIA INDUSTRY logo]

(the "Infringing Marks").

9. On July 27, 2020, Touch filed the Complaint in the District of Nevada against ADMG seeking an injunction and damages arising out of ADMG's purported misappropriation of Touch's OMNIA Marks.

10. After ADMG was properly served with the summons and complaint, ADMG, through legal counsel, contacted Touch seeking possible settlement. ADMG did not respond to the Complaint, and Touch subsequently filed a request for entry of clerk's default against ADMG.

11. On January 6, 2021, the Clerk of Court in the District of Nevada entered default against ADMG.

12. On August 17, 2022, the District of Nevada adopted the Report and Recommendation of the Magistrate Judge denying Touch's Motion for Default Judgment on jurisdictional grounds, and transferred the case to the District of California. The case was transferred on August 22, 2022.

13. By this STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION ADMG is permanently enjoined and restrained, together with any and all persons and entities acting for or on its behalf and/or in concert with them, from:

  a. Any and all use of the OMNIA Marks, any mark containing the word "OMNIA", including but not limited to the Infringing Marks and any confusingly similar variations thereof, in commerce, including, but not limited to, on web sites, in domain names, on social media, on product packaging, on promotional or marketing materials, or on store signage;

  b. Any and all use of the OMNIA Marks, the Infringing Marks, or

              confusingly similar variations thereof, alone or in combination with other letters, words, strings, phrases, or designs, in commerce or in connection with any business or for any other purpose;

      c.      Any and all use of any word, term, name, symbol, or device, or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of ADMG or its goods with Touch, or as to the origin of ADMG's goods or services, or any false designation of origin, false or misleading description or representation of fact; and

      d.      Seeking to register or registering the OMNIA Mark, the Infringing Marks, or any confusingly similar marks, in connection with any goods or services in any jurisdiction throughout the world.

14.    ADMG shall immediately discard, remove, or destroy any and all promotional materials, including, but not limited to, internal and external signs, websites, social media pages, and other advertising that display the Infringing Marks. If any such materials with Infringing Marks are discovered, ADMG shall have 15 days to cure, and failure to cure shall constitute a material breach of this STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION subject to immediate enforcement and damages as enumerated herein.

15.    ADMG shall immediately require all third parties, including but not limited to delivery companies, to remove and/or destroy any and all promotional materials, including, but not limited to, internal and external signs, websites, social media pages, and other advertising that display the Infringing Marks.

16.    ADMG shall not challenge or assist others in challenging the validity of Touch's exclusive ownership of the OMNIA Marks (registered and common law).

17.    ADMG agrees that nothing herein shall limit the right of Touch to recover damages for any and all infringements by ADMG of the OMNIA Marks (save for the 15-day period to cure) occurring after the Effective Date of this Order, and ADMG further

agrees that if ADMG infringes the OMNIA Marks (save for the 15-day period to cure) after the Effective Date of this Order, nothing herein shall limit the right of Touch to recover damages for any and all infringements by ADMG of the OMNIA Marks occurring prior to the Effective Date of this Order.

18.  Touch is not required to post any bond or security in connection with the permanent injunction, and ADMG permanently, irrevocably, and fully waives any right to request a bond or any other security.

19.  ADMG HEREBY WAIVE ANY RIGHT WHICH IT MIGHT HAVE TO A TRIAL BY A JURY IN ANY ACTION RELATING TO THIS CONSENT JUDGMENT AND PERMANENT INJUNCTION, AGREEMENTS, OR THE OMNIA MARKS.

20.  ADMG IRREVOCABLY AND FULLY WAIVES ANY AND ALL RIGHT TO APPEAL THIS JUDGMENT AND PERMANENT INJUNCTION, TO HAVE IT WAIVED, MODIFIED OR SET ASIDE, TO SEEK OR OBTAIN A NEW TRIAL THEREON, OR OTHERWISE ATTACK IN ANY WAY, DIRECTLY OR COLLATERALLY, ITS VALIDITY OR ENFORCEABILITY.

21.  The parties will bear their own fees and costs in connection with this action.

22.  This Court will have continuing jurisdiction for purposes of enforcing the Stipulated Consent Judgment and Permanent Injunction.

THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED FORTHWITH.

Dated: January 18, 2023

By: _____
United States District Court Judge